UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH Y. CHUNG,<br><br>      Plaintiff,<br><br>   v.<br><br>CHUNG PENG CHIH-MEI, et al.,<br><br>      Defendants. | Case No. 22-cv-01983-BLF<br><br>**ORDER GRANTING MOTION FOR ALTERNATIVE METHOD OF SERVICE AND LETTER ROGATORY** |

Plaintiff Elizabeth Chung brings suit against Chung Peng Chih-Mei, a resident of Taiwan, and Intertrust (Bahamas) Limited, a Bahamas limited corporation. *See* ECF No. 1 ("Compl."). Before the Court is Plaintiff Elizabeth Chung's Motion for Alternative Service. ECF No. 31 ("Mot."). Elizabeth Chung requests a court order to effectuate service via email to Chung Peng Chih-Mei's grandson. Mot. at 2. She also requests the issuance of a letter rogatory. *Id.* For the reasons stated herein, Plaintiff's motion is GRANTED.

**I.    BACKGROUND**

Plaintiff Elizabeth Chung alleges that her estranged husband, David Chung, executed a scheme by which he put assets belonging to him and/or Plaintiff in offshore trusts or entities under the name of his mother, Chung Peng Chih-Mei, to avoid tax liability in the United States. Compl. ¶ 2. David Chung is allegedly using this scheme to block Elizabeth Chung's assertion of property rights to these assets. *Id.* Elizabeth Chung is seeking "an adjudication that Chung Peng Chih-Mei does not, and never did, directly or indirectly own or have any genuine right, title, or interest in, or the right to control" the identified assets. *Id.*, Prayer for Relief ¶ 1.

Chung Peng Chih-Mei is a citizen of the Republic of China residing in Taiwan. *Id.* ¶ 2. Elizabeth Chung obtained the address of Chung Peng Chih-Mei from David Chung in discovery in

their divorce proceeding in Santa Clara County Superior Court. *See* ECF No. 31-3 ("E. Chung Decl.") ¶ 2. A service package, including the Summons and Complaint, was served on Chung Peng Chih-Mei by delivery to the doorman at the identified address. ECF No. 31-1 ("Freitas Decl.") ¶ 2; *see also* ECF No. 11 (proof of service). The doorman confirmed that Chung Peng Chih-Mei was listed as a resident. Freitas Decl. ¶ 2. Elizabeth Chung arranged for follow-up service by mail. *Id.* The mail was returned with a claim that Chung Peng Chih-Mei did not reside at the address. *Id.*

## II.  LEGAL STANDARD

Elizabeth Chung's Motion is governed by Federal Rule of Civil Procedure 4(f):

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> >
> > (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> >
> > > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> > >
> > > (B) as the foreign authority directs in response to a letter rogatory of letter of request; or
> > >
> > > (C) unless prohibited by the foreign country's law, by:
> > >
> > > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > > >
> > > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> >
> > (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Specifically, Plaintiff brings her motion under Rule 4(f)(3) and Rule

1   4(f)(2)(B). Mot. at 2.

###    A. Rule 4(f)(3)

Pursuant to Rule 4(f)(3), alternate service must be (1) directed by the court and (2) not prohibited by international agreement. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). District courts have authorized service by "other means," which include "publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* at 1015–16. More recently, "courts in this district have authorized service of process by social media." *Fabian v. LeMahieu*, No. 4:19-cv-00054-YGR, 2020 WL 3402800, at *3 (N.D. Cal. June 19, 2020); *see also St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-cv-3240 (LB), 2016 WL 5725002, at *2, *3 (N.D. Cal. Sep. 30, 2016) (Twitter); *UBS Fin. Servs. v. Berger*, No. 13-cv-03770 (LB), 2014 WL 12643321, at *2, *5 (N.D. Cal. Apr. 24, 2014) (LinkedIn).

Service under Rule 4(f)(3) is "neither a last resort nor extraordinary relief." *Rio Props., Inc.*, 284 F.3d at 1015 (internal quotations omitted) (citation omitted). A party does not need to show that all feasible service alternatives have been exhausted before seeking authorization to serve process under Rule 4(f)(3). *Id.* at 1016. The party only needs to "demonstrate that the facts and circumstances of the . . . case necessitate[] the district court's intervention." *Id.* The Court has "sound discretion" for "determin[ing] when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id.* In addition, the rule "should be liberally construed so long as a party receives sufficient notice of the complaint." *Caputo v. City of San Diego Police Dep't*, No. 16-cv-00943-AJB-BLM, 2018 WL 4092010, at *4 (S.D. Cal. Aug. 28, 2018) (quoting *United Food & Com. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). Ultimately, "[t]he method of service crafted by the district court must be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc.*, 284 F.3d at 1016–17 (internal quotations and citation omitted).

###    B. Rule 4(f)(2)(B)

"A letter rogatory is a formal request from a court in which an action is pending[ ] to a

1  foreign court to perform some judicial act." *Doe v. Uber Techs., Inc.*, No. 19-CV-03310-JSC,
2  2022 WL 562740 (N.D. Cal. Feb. 24, 2022) (citing 22 C.F.R. § 92.54) (internal quotations
3  omitted); *see also* Letter of Request, Black's Law Dictionary (11th ed. 2019). "Although letters
4  rogatory are most commonly used in connection with discovery, they may also be used to effect
5  service of process outside the United States." Louis B. Kimmelman and Steven L. Smith,
6  *Litigating International Disputes in Federal Courts*, 3 BUS. & COM. LITIG. FED. CTS. § 27:15
7  (Robert L. Haig ed., 5th ed., 2022); *see also, e.g.*, *Sayles v. Pac. Engn'rs & Constructors, Ltd.*,
8  No. 08-CV-676S, 2009 WL 791332, at *7 (W.D.N.Y. Mar. 23, 2009) ("Based upon the above, it
9  is recommended that plaintiff [sic] motion . . . for issuance of Letter Rogatory to serve upon
10 defendants . . . be granted, upon plaintiff complying with the requirements set forth by the United
11 States Department of State for submitting Letter Rogatory to Taiwan."). "This Court, like all
12 courts of the United States, has inherent power to issue Letters Rogatory." *U.S. v. Staples*, 256
13 F.2d 290, 292 (9th Cir. 1958); *see also Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC
14 LB, 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012). "Whether to issue such a letter is a
15 matter of discretion for the court." *Barnes & Noble, Inc.*, No. C 11-02709 EMC LB, 2012 WL
16 1808849, at *2.

### III. DISCUSSION

#### A. Rule 4(f)(3)

Plaintiff Elizabeth Chung requests permission to effectuate service by emailing the grandson of Chung Peng Chih-Mei. Mot. at 2. In light of Plaintiff's unsuccessful attempts to serve Chung Peng Chih-Mei, this Court authorizes Plaintiff's request pursuant to Rule 4(f)(3) because it is not prohibited by international agreement and provides Chung Peng Chih-Mei with reasonable notice under the circumstances.

As a preliminary matter, the form of alternative service requested must not be prohibited by international agreement. Fed. R. Civ. P. 4(f)(3); *Rio Props., Inc*, 284 F.3d at 1014. Chung Peng Chih-Mei is a resident of Taiwan. *See* E. Chung Decl., Ex. A. There are no treaties or agreements between Taiwan and the United States regarding service of process. *Noble Sec., Inc. v. Ingamar Co.*, No. 21-CV-1372 (MKB), 2021 WL 2012508, at *5 (E.D.N.Y. May 20, 2021)

4

1  ("Taiwan is not a signatory to the Hague Convention on service of process or any other
2  international agreement that governs service of process . . ."); *see also* United Nations, *Convention*
3  *on the service abroad of judicial and extrajudicial documents in civil or commercial matters*,
4  https://treaties.un.org/Pages/showDetails.aspx?objid=08000002801258ac (last accessed Dec. 2,
5  2022). Consequently, the first requirement that the form of service requested is not prohibited
6  under international agreement is satisfied.

7  Now, the Court must determine whether the form of service requested is reasonably
8  calculated to apprise the Chung Peng Chih-Mei of the pendency of the action. *See Rio Props.,*
9  *Inc.*, 284 F.3d at 1016-17. In doing so, the court has discretion to holistically consider the
10 circumstances surrounding the Plaintiff's request. *See id.* at 1016. Here, Plaintiff requests to
11 effectuate service by "by the transmission of an email to Chung Peng Chih-Mei's grandson." Mot.
12 at 2. The Ninth Circuit has previously found that emails can be an appropriate form of service in
13 some circumstances. *See Rio Props., Inc.*, 284 F.3d at 1016. The Court notes the unconventional
14 nature of a request to serve the grandson of the individual intended for service instead of Chung
15 Peng Chih-Mei herself. However, the Court still finds this method appropriate, as David Chung,
16 the ex-husband of Plaintiff, has previously contacted this grandson at this email address to obtain
17 Chung Peng Chih-Mei's signature on important legal documents. *See* Mot. at 4 (citing E. Chung
18 Decl., Exs. A, B).

19 The Court also notes the efforts that have already been taken to serve Defendant Chung
20 Peng Chih-Mei. Defendant's doorman, Keng An-Te, has been served at Chung Peng Chih-Mei's
21 residence in Taoyuan City, Taiwan, Republic of China. Mot. at 1; *see also* ECF No. 11. Plaintiff
22 additionally coordinated service by mail, which resulted in the return of the service envelope "with
23 a claim that Chung Peng Chih-Mei does not reside at the address . . . despite the prior
24 acknowledgment by the doorman." Mot. at 1. Chung Peng Chih-Mei has also not responded. *See*
25 *id.*

26 Therefore, under holistic review of the circumstances, the Court finds the proposed method
27 of service is "reasonably calculated, under all circumstances, to apprise interested parties of the
28 pendency of the action and afford them an opportunity to present their objections." *See Rio*

5

1  *Props., Inc.*, 284 F.3d at 1016–17 (internal quotations and citation omitted).  Plaintiff has made

2  reasonable efforts to serve Chung Peng Chih-Mei and has demonstrated that her requested form of

3  service is reasonably suited to apprise the Defendant.  Plaintiff Elizabeth Chung is permitted to

4  serve Defendant under Rule 4(f)(3) through the means described in her Motion.  *See* Mot. at 5.

### B. Rule 4(f)(2)(B)

The Court also acknowledges the Plaintiff's request for "an order under Rule 4(f)(2)(B) issuing letters rogatory." *See* Mot. at 2.  An order under Rule 4(f)(2)(b) is appropriate given that there are no treaties or agreements between Taiwan and the United States regarding service of process.  *See Noble Sec., Inc.*, No. 21-CV-1372 (MKB), 2021 WL 2012508, at *5.  Further, the Court has found no reason to exercise its discretion to deny this request, and the Northern District has previously granted letters rogatory in cases with Taiwanese defendants.  *See Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-CV-03972-LHK, 2011 WL 3903232, at *2 (N.D. Cal. Sept. 6, 2011); *see also Avago Techs. Gen. Ip (Singapore) Pte. Ltd. v. Asustek Computer Inc.*, No. 15-CV-04525-EMC, 2015 WL 8488129 (N.D. Cal. Dec. 11, 2015).  However, as drafted, the letter rogatory currently "requests international assistance to *obtain evidence* to be used in a civil proceeding." *See* ECF 31–2 (emphasis added).  Therefore, the Court has corrected this language and signed the revised letter.  This minor issue notwithstanding, the motion for issuance of letter rogatory is "granted**,** upon plaintiff complying with the requirements set forth by the United States Department of State for submitting Letter Rogatory to Taiwan." *See Sayles*, No. 08-CV-676S, 2009 WL 791332, at *7.

### IV. ORDER

For the reasons discussed above, Plaintiff Elizabeth Chung's Motion for Alternative Service is GRANTED.  Plaintiff Elizabeth Chung may use the service method described in her Motion to serve process on Defendant Chung Peng Chih-Mei.  The Court ORDERS the following:

1. An email be sent to the address seanu4@yahoo.com.tw by counsel for Elizabeth Chung.

2. English and Chinese versions of the summons and complaint be attached to the email.

3. The email include the following text, in English and Chinese: "Attached to this email are copies of the Summons and Complaint in a lawsuit that has been filed against your

   grandmother, Chung Peng Chih-Mei, in the United States District Court for the Northern
   District of California. These are important legal documents. Please make sure that the
   documents are provided to your grandmother. If you have any questions, you may call me,
   or respond to this email. Your uncle, David Chung, is aware of the lawsuit, and he may be
   able to respond to any questions you have."

   4. Copies of the email be sent to Daniel McKinnon, the lawyer who has appeared for
   David Chung in this case, and Michael Lonich, David Chung's lawyer in the dissolution
   proceeding pending between Elizabeth Chung and David Chung.

Mot. at 5.  Additionally, the Court has signed the requested letter rogatory as modified by the Court.

Dated:  December 12, 2022

_____
BETH LABSON FREEMAN
United States District Judge