UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH Y. CHUNG,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHUNG PENG CHIH-MEI, et al.,<br><br>　　　　　Defendants. | Case No.  22-cv-01983-BLF<br><br>**ORDER GRANTING INTERTRUST'S MOTION TO DISMISS; APPROVING IN PART ELIZABETH CHUNG'S REQUEST FOR JURISDICTIONAL DISCOVERY; AND DENYING DAVID CHUNG'S MOTION TO INTERVENE**<br><br>[Re:  ECF Nos. 20, 56, 27] |

　　　　Plaintiff Elizabeth Chung brought the above-captioned suit against Chung Peng Chih-Mei and Intertrust (Bahamas) Limited ("Intertrust"), a Bahamas limited corporation.  Before the Court are two pending motions.  First is Intertrust's motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  ECF No. 20 ("MTD"); *see also* ECF No. 35 ("MTD Reply").  Plaintiff Elizabeth Chung opposes the motion.  ECF No. 26 ("MTD Opp.").  Plaintiff Elizabeth Chung filed a request for jurisdictional discovery.  ECF No. 56 ("Jdx'l Disc. Request").  Defendant Intertrust opposes the request.  ECF No. 58 ("Jdx'l Disc. Opp.").  Second is a motion to intervene by David Chung, the estranged husband of Plaintiff Elizabeth Chung and the son of Defendant Chung Peng Chih-Mei.  ECF No. 27 ("MTI"); *see also* ECF No. 32 ("MTI Reply").  Plaintiff Elizabeth Chung opposes the motion.  ECF No. 29 ("MTI Opp.").  Intertrust does not oppose the motion.  ECF No. 34.

　　　　The Court held a hearing on the motions on January 26, 2023.  *See* ECF No. 45.  For the reasons stated on the record and described herein, Intertrust's motion to dismiss is GRANTED WITH LEAVE TO AMEND, Elizabeth Chung's request for jurisdictional discovery is APPROVED IN PART, and David Chung's motion to intervene is DENIED WITHOUT

PREJUDICE.

## I. BACKGROUND

As alleged in the Complaint, Defendant Chung Peng Chih-Mei is the mother of David Chung, Plaintiff Elizabeth Chung's estranged husband. ECF No. 1 ("Compl.") ¶ 2. Plaintiff alleges that, beginning in or around 2004, David Chung executed a scheme, referred to as the "mother's trust gambit," by which he put assets belonging to him and/or Plaintiff in trusts or entities under the name of Chung Peng Chih-Mei, a resident of Taiwan, to avoid tax liability in the United States. *Id.* Intertrust is the trustee of Bend Family Trust I, a trust that was allegedly created by David Chung as part of the scheme. *Id.* ¶ 4. Chung Peng Chih-Mei is the settlor of Bend Family Trust I. *Id.*

Plaintiff alleges that in 2004, she and David Chung were residents of Hong Kong and planning to move to the United States. Compl. ¶ 15. She alleges that David Chung wanted to avoid taxes on the couple's assets. *Id.* ¶ 16. David Chung then created a trust, the Maple Family Trust, which he allegedly funded with the couple's assets but fraudulently put in the name of Chung Peng Chih-Mei. *Id.* ¶¶ 20-21. He allegedly funded Maple Family Trust with $5 million. *Id.* ¶ 25. Elizabeth Chung alleges in the Complaint that David Chung also created Bend Family Trust I as part of the trust gambit, *see id.* ¶ 4, but it is not clear when that trust was created nor what its relationship is to the Maple Family Trust, *see generally id.*

Elizabeth Chung initiated a proceeding for a dissolution of her marriage with David Chung in state court. *See* Compl. ¶¶ 31-32. David Chung is allegedly now using this scheme to block Elizabeth Chung's assertion of property rights to these assets. *Id.* ¶ 2. Elizabeth Chung is seeking "an adjudication that Chung Peng Chih-Mei does not, and never did, directly or indirectly own or have any genuine right, title, or interest in, or the right to control, the assets purportedly directly or indirectly owned or controlled by Chung Peng Chih-Mei or Bend Family Trust I, or trusts or entities purportedly directly or indirectly owned or controlled by Chung Peng Chih-Mei or Bend Family Trust I, and made the subject of David Chung's mother's trust gambit." *Id.*, Prayer for Relief ¶ 1.

## II. MOTION TO DISMISS INTERTRUST FOR LACK OF PERSONAL JURISDICTION

### A. Legal Standard

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). California's long-arm statute is coextensive with federal due process requirements. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–801 (9th Cir. 2004). "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have 'certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Walden*, 571 U.S. at 283 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

When a defendant raises a challenge to personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citing *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011)). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quotation marks and citation omitted). "[T]he plaintiff cannot simply rest on the bare allegations of its complaint," but the uncontroverted allegations in the complaint must be accepted as true. *Schwarzenegger*, 374 F.3d at 800 (quotation marks and citation omitted). The court may consider evidence presented in affidavits in considering a 12(b)(2) motion. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Where not directly controverted, plaintiff's version of the facts is taken as true. *Id.* Conflicts between the facts contained in the parties' affidavits must be resolved in plaintiffs' favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. *Id.*

Personal jurisdiction may be either general or specific. General personal jurisdiction exists when the defendant's contacts "are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler*, 571 U.S. at 127 (quotation marks and citation omitted). Specific personal jurisdiction exists when the defendant's contacts with the forum state are more limited but the plaintiff's claims arise out of or relate to those contacts. *Id.* at 127–28.

3

### B. Analysis

Intertrust argues that the Court has neither general nor specific personal jurisdiction over it. MTD at 4-9. Elizabeth Chung does not argue that the Court has general personal jurisdiction over Intertrust, thus conceding it does not. *See* Opp. The Court will therefore only analyze whether it has specific personal jurisdiction over Intertrust.

The Ninth Circuit has established a three-prong test for whether a court can exercise specific personal jurisdiction over a non-resident defendant: (1) the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable." *Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden on the first two prongs. *Id.* "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (quotation marks and citation omitted).

Under the first prong of the *Schwarzenegger* test, Elizabeth Chung must show either purposeful availment or purposeful direction by Intertrust. "[A] showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions *in* the forum, such as executing or performing a contract there." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 605 (9th Cir. 2018) (emphasis in original) (quoting *Schwarzenegger*, 374 F.3d at 802). "By contrast, '[a] showing that a defendant purposefully directed his conduct toward a forum state . . . usually consists of evidence of the defendant's actions *outside* the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere.'" *Id.* (emphasis in original) (quoting *Schwarzenegger*, 374 F.3d at 803). "[A] purposeful availment analysis is 'most often used in suits sounding in contract,' whereas a purposeful direction analysis is 'most often used in

4

suits sounding in tort.'" *Id.* (quoting *Schwarzenegger*, 374 F.3d at 802).

Under the second prong, in determining whether a plaintiff's claim arises out of or relates to the defendant's forum-related activities, "the Ninth Circuit follows the 'but for' test." *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (quoting *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001)). Under this test, Elizabeth Chung must show that she would not have suffered an injury "but for" Intertrust's California-related conduct.

Intertrust argues that it has neither purposefully availed itself of the privilege of conducting activities in California nor purposefully directed any activity towards California. MTD at 5-7. Intertrust is a company incorporated and existing under the laws of The Commonwealth of The Bahamas; is duly licensed under the laws of The Bahamas; and is domiciled and has its principal place of business in Nassau, Bahamas. Declaration of Kamika Roberts, ECF No. 21 ("Roberts Decl.") ¶¶ 4-5. The Nichodon Family Trust ("the Trust"), formerly named the Bend Family Trust 1, and its assets are located, held, and administered by Intertrust in The Bahamas. *Id.* ¶¶ 6-7. The Trust is formed under and governed by the laws of The Bahamas. *Id.* ¶ 8.

According to Intertrust, neither the Trust nor any of its assets is or has ever been located, held, or administered in California. Roberts Decl. ¶ 9. Intertrust does not maintain and has never maintained any office, facility, or other fixed physical presence in California; it does not have any employees, agents, or representatives in California; and it is not registered, licensed, or qualified to do business in California. *Id.* ¶¶ 10-12. Further, Intertrust does not engage in any solicitation or advertising targeted in California, nor does it have any bank accounts, addresses, or telephone numbers in California. *Id.* ¶¶ 13-15. Finally, no agents or employees of Intertrust perform any duties in California. *Id.* ¶ 16.

Elizabeth Chung counters that the Court has personal jurisdiction over Intertrust because (1) Intertrust managed Trust assets through David Chung, a California-based agent, and (2) Intertrust held and managed assets with a substantial connection to California. Opp. at 6-9. Elizabeth Chung first argues that Intertrust engaged Mr. Chung, a California resident during the relevant time period, as its agent, and he directed the Trust's activities. *Id.* at 7-8. Second, she argues that Trust assets are invested in WTI, Inc. ("WTI"), a California corporation. *Id.* at 8-9.

5

Intertrust disputes these assertions by Elizabeth Chung. A supplemental declaration from Kamika Roberts, the local managing director for Intertrust, states that "Intertrust Bahamas did not appoint David Chung as its agent for purposes of administering the Trust." Supplemental Declaration of Kamika Roberts, ECF No. 35-1 ("Supp. Roberts Decl.") ¶ 8. Instead, David Chung's mother appointed David Chung as her investment advisor. *Id.* ¶ 9. Further, Ms. Roberts states that "[n]either the Trust nor any of the assets of the Trust is or has ever been located, held, or administered in California." *Id.* ¶ 12.

The Court finds that Elizabeth Chung has not met her burden on the first two prongs. She has provided no evidence that the Trust includes assets in California. She provides an organizational chart that she states "depicts assets supposedly held by Bend Family Trust 1." Declaration of Elizabeth Chung, ECF No. 26-1 ("Chung Decl.") ¶ 9, Ex. B. But the chart appears to be an individual's personal notes. *See id.* Ex. B. Further, even if the Court were to consider the chart, the structure of the chart does not indicate, or even suggest, that the Bend Family Trust *holds* any assets in WTI. *See id.* Ex. B. This evidence is insufficient, especially in light of the declaration from Intertrust, stating that no Trust assets have ever been located or held in California. *See* Supp. Roberts Decl. ¶ 12.

As to David Chung's role as an agent, Elizabeth Chung does submit "a Custodian Agreement [that David Chung] left behind." Chung Decl. ¶ 10, Ex. D. But Intertrust submits that "Intertrust Bahamas did not appoint David Chung as its agent for purposes of administering the Trust." Supp. Roberts Decl. ¶ 8. The Custodian Agreement does not make clear the role of Intertrust versus Chung Peng Chih-Mei in selecting David Chung as an agent. Further, even if the evidence was sufficient to show that Intertrust had purposefully availed itself of or directed activities towards California by appointing David Chung as an agent, the specific jurisdiction analysis would fail on the second prong, as Elizabeth cannot show that her claim arises out of or relates to David Chung's role as Agent. The claim stems from the creation of a trust as part of the "mother's trust gambit"; it is in no way related to investment decisions or other actions that David Chung may have taken in his role as a supposed agent. Elizabeth Chung alleges in the Complaint that David Chung created the initial trust when he and Elizabeth Chung were living in Hong Kong,

6

in the name of his mother, who lived in Taiwan. Elizabeth Chung's instant action would still arise but-for David Chung's actions as the supposed agent. Elizabeth Chung therefore cannot satisfy her burden on the first two prongs to establish the Court's personal jurisdiction over Intertrust.

The Court therefore GRANTS Intertrust's motion to dismiss for lack of personal jurisdiction.

### III. JURISDICTIONAL DISCOVERY

On January 30, 2023, Plaintiff Elizabeth Chung filed an initial jurisdictional discovery plan. ECF No. 49. Following a Court Order, *see* ECF No. 52, on February 10, 2023, Plaintiff Elizabeth Chung filed a modified jurisdictional discovery plan. *See* Jdx'l Disc. Request. On February 17, 2023, Intertrust filed its response. *See* Jdx'l Disc. Opp. The Court APPROVES IN PART Plaintiff's request. The Court will allow jurisdictional discovery as follows:

1. Deposition: Plaintiff initially proposed a three-hour video deposition on six topics. *See* ECF No. 49 at 1-2. The Court will allow a three-hour video deposition of Intertrust on all topics, subject to one limitation—the Court agrees with Intertrust's objections to the fifth deposition topic. *See* Jdx'l Disc. Opp. at 2-3. Plaintiff must exclude this topic, but she may "ask Intertrust about whether or not it communicated with David Chung regarding the Nichodon Family Trust and/or Bend Family Trust 1," as suggested by Intertrust. *See id.* at 3.

2. Interrogatories: Plaintiff initially proposed service of three interrogatories. *See* ECF No. 49 at 2. In her modified plan, Plaintiff withdrew aspects of the first two interrogatories. *See* Jdx'l Disc. Request at 6. The Court approves the modified versions of the first two interrogatories. As to the third interrogatory, the Court agrees with Defendant's request to limit it to "seeking information regarding the 'Nichodon Family Trust' and 'Bend Family Trust 1.'" *See* Jdx'l Disc. Opp. at 3.

3. Document Production: Plaintiff initially proposed four document requests. *See* ECF No. 49 at 2-3. In her modified plan, Plaintiff withdrew the first request. *See* Jdx'l Disc. Request at 8. The Court will allow the second and third requests. As to the fourth request, the Court agrees with Defendant's objection. *See* Jdx'l Disc. Opp. at 4. Plaintiff cannot proceed with the fourth document request.

7

## IV. MOTION TO INTERVENE

### A. Legal Standard

An applicant seeking to intervene as of right under Rule 24(a) must "make four showings to qualify under this Rule: (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Perry v. Schwarzenegger*, 630 F.3d 898, 903 (9th Cir. 2011) (internal quotation marks and citation omitted).

Even where intervention as of right is unavailable, courts may still permit intervention when the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

### B. Analysis

The Court granted the motion to dismiss Defendant Intertrust for lack of personal jurisdiction. At the time of the hearing, the other Defendant, Chung Peng Chih-Mei, had not yet appeared in the case. The Court thus determined that David Chung's motion to intervene as a Defendant was premature. Chung Peng Chih-Mei has since filed a motion to dismiss, asserting lack of personal jurisdiction and subject matter jurisdiction, as well as failure to state a claim. ECF No. 54. The Court continues to find that the motion to intervene is premature, as it is possible the Court will have personal jurisdiction over neither defendant in the matter. The Court therefore DENIES David Chung's motion to intervene. This denial is WITHOUT PREJUDICE to David Chung filing a new motion to intervene following the Court's decision on Chung Peng Chih-Mei's pending motion to dismiss.

## V. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

4. Defendant Intertrust's motion to dismiss for lack of personal jurisdiction is

1  GRANTED WITH LEAVE TO AMEND;

2       5.    Plaintiff Elizabeth Chung's request for jurisdictional discovery is APPROVED IN
3  PART, as discussed above; and

4       6.    David Chung's motion to intervene is DENIED WITHOUT PREJUDICE.

5  Plaintiff SHALL complete jurisdictional discovery **no later than 60 days following this Order**.
6  Plaintiff SHALL file an amended complaint **no later than 21 days following the completion of**
7  **jurisdictional discovery**. Leave to amend is limited to jurisdictional allegations as to Intertrust.
8  Any other amendments will be stricken.

10 Dated: February 27, 2023

                                                                       */s/ Beth Labson Freeman*

                                                                       BETH LABSON FREEMAN
                                                                       United States District Judge